### WILLIS FOX v. THE STATE.

#### No. 1009. Decided March 1, 1911.

#### Rehearing Denied March 22, 1911.

**Unlawfully Selling Mortgaged Property—Charge of Court—Date of Offense.**

Where the indictment was returned on the 30th of September, 1909, and the court authorized a conviction by his charge for a sale of the alleged mortgaged property something like ten months after the return of the indictment, to wit, on the 15th of July, 1910, there was reversible error.

Appeal from the District Court of Jackson. Tried below before the Hon. John M. Green.

Appeal from a conviction of unlawfully disposing of mortgaged property; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The indictment alleges that appellant did with intent to defraud W. H. Shows unlawfully sell and dispose of certain personal property to Newton Diggs, to wit: one saddle; that appellant had theretofore on the 22d day of March, 1909, executed and delivered to Joe Bowen, trustee, a valid deed of trust in writing upon the property described to secure the said W. H. Shows in the payment of the promissory note given by appellant in the sum of $35.50 due one month after the date of said mortgage, and which at the time was a valid subsisting deed of trust upon the property.

This sale occurred on the 15th day of July, 1909. The indictment was returned into court on the 30th day of September, 1909. The court instructed the jury that if they should find that the mortgage was on or about the 15th day of July, 1910, a valid subsisting mortgage, and defendant on or about the 15th day of July, 1910, sold the property, he would be guilty. It will be noticed that the court authorized the jury to convict of an offense committed on the 15th of July, 1910, whereas the indictment had been returned on the 30th of September, 1909. The charge authorized a conviction for a sale occurring something like ten months after the return of the indictment. This is clearly an illegal and unauthorized charge. No conviction could be predicated upon an offense committed after the return of the indictment. Such is not the charge in the indictment.

For this reason the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

[Rehearing denied March 22, 1911.—Reporter.]